Argued and submitted December 23, 1993, affirmed February 15, 1995

# STATE OF OREGON,
*Appellant,*

*v.*

# JOSE LUIS FLORES-ORTIZ,
*Respondent.*

## (C921640CR; CA A78928)

889 P2d 1327

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Andy Simrin argued the cause for respondent. With him on the brief was Thomas J. Elliott.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

The state appeals a pretrial order granting defendant's motion to suppress an out-of-court statement made by his codefendant. We affirm.

The facts surrounding defendant's arrest are essentially undisputed. Police officers approached defendant and Jose Bermuda Mora after observing defendant giving U.S. currency and a small object to Mora in exchange for a video-cassette recorder. They asked Mora to show them what was in his pocket. When Mora produced a $5 bill and several bindles of cocaine, the officers arrested defendant and Mora and read to them their *Miranda* warnings. Immediately thereafter, Mora admitted to one of the officers that he had given the VCR to defendant in exchange for $5 and the cocaine.

Defendant and Mora were charged by indictment with delivery of a controlled substance and possession of a controlled substance. ORS 475.992. They were scheduled for a joint trial. At the outset of that trial, counsel for defendant reported to the court that he had been informed that "Mora is *not going to testify today.*" The state said that it also understood that "Mora is unavailable as a witness," and that it intended to offer testimony of police officers concerning the confession Mora made to them. Defendant moved to suppress any hearsay testimony as to Mora's confession on Confrontation Clause grounds. The trial court granted defendant's motion. The court's written order states:

"With regard to defendant Flores-Ortiz's Motion to Suppress co-defendant Mora [*sic*] statements, the Court FINDS the following:

"A.  Defendant Mora is unavailable to testify.

"B.  Defendant Mora's statements are against his penal interest.

"C.  The police officers offered no deals or lenience to defendant Mora.

"D.  Defendant Mora did not attempt to shift the responsibility for his criminal actions upon the co-defendant Flores-Ortiz.

"E.  The police officers Gray's and Anderson's observations corroborate defendant Mora's statements to the police.

"'* * * * *

"The Court also FINDS based on the above that a sufficient indicia of reliability exists, independent of co-defendant Mora's admission against penal interest to admit the statements by co-defendant Mora but for the confrontation problems discussed in *Bruton vs. United States*, [391 US 123, 88 S Ct 1620, 20 L Ed 2d 476 (1968)].

"Accordingly, the Court GRANTS defendant Flores-Ortiz's Motion to Suppress co-defendant Mora's statements at the joint trial."

Three weeks after it issued that order, the trial court was apparently informed at an unrecorded proceeding that Mora had died. It issued a clarifying order, which states:

"It appearing to the Court that defendant Jose Bermuda Mora is now deceased. The Court awaits a motion by the State to dismiss proceedings against Jose Bermuda Mora. The State will make such a motion upon receipt of a letter of death from the Los Angeles County Coroner's Office."

The record contains no "letter of death" from the Los Angeles County Coroner's Office or other evidence of Mora's death. Also, the state never moved to dismiss proceedings against Mora before it brought this appeal.

The state assigns error to the suppression of the hearsay testimony as to Mora's confession, arguing that the trial court applied *Bruton* too broadly. According to the state, the Oregon Supreme Court recently has refined its Confrontation Clause analysis in *State v. Nielsen*, 316 Or 611, 853 P2d 256 (1993). Under *Nielsen*, the state contends, the admission of an out-of-court statement of a declarant that incriminates a defendant does not violate the defendant's Sixth Amendment rights if the statement is otherwise admissible and carries adequate indicia of reliability.

Defendant argues that the trial court correctly applied *Bruton* and that *Nielsen* does not apply, because *Nielsen* was limited to non-joint trials. In the alternative, defendant cross-assigns error to the trial court's finding that, but for *Bruton*, Mora's testimony would be admissible. Defendant contends that Mora's testimony is not admissible, because there is no evidence in the record that he is unavailable to testify.

We need not address whether the state is correct in asserting that the trial court erred in failing to apply the analysis described in *Nielsen*, because, even assuming that *Nielsen* controls, the state has failed to establish the requirements for admissibility set out in that decision. Under *Nielsen*, the admissibility of a codefendant's statement against interest that implicates a defendant is determined first by assessing whether the statement is admissible under the relevant exception to the rule against hearsay, OEC 804(3)(c). 316 Or at 618. The court noted that, to establish the admissibility of the codefendant's statement under that rule, it must be shown that the codefendant is "unavailab[le] as a witness." 316 Or at 618. The court also noted that, as the proponent of the testimony, the state bears the burden of establishing the codefendant's unavailability. 316 Or at 618.

"Unavailability as a witness," at least for the purposes of OEC 804, includes situations in which the declarant:

"(a) Is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of a statement;

"(b) Persists in refusing to testify concerning the subject matter of a statement despite an order of the court to do so;

"(c) Testifies to a lack of memory of the subject matter of a statement;

"(d) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

"(e) Is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance * * * by process or other reasonable means." OEC 804(1).

In this case, the state argues that codefendant Mora is unavailable under OEC 804(1)(d), because he is now dead. However, there is nothing in the record to support that assertion. The record shows only that someone, off the record, told the trial court that Mora had died. The trial court said that, "[i]t appearing * * * that defendant [Mora] is now deceased," the state should confirm that fact for the record and proceed accordingly. The state did not do that and,

instead, proceeded immediately to appeal. That leaves nothing in the record to support the state's assertion that Mora died. The state, therefore, has failed to bear its burden of showing that Mora was unavailable, as required under *Nielsen*.

We are aware of the fact that, when the trial court made its finding that Mora was unavailable, Mora apparently was still alive, and the trial court's finding of unavailability was premised on the representations of defendant's counsel and the state that Mora did not intend to testify. On appeal, however, the state does not assert that as the basis for finding that Mora was unavailable. Therefore, we will not consider it.

Affirmed.